1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  HAYDAR KARIM,                                        CASE NO. 10cv1018-LAB (BLM)

12                                    Plaintiff,      **ORDER GRANTING MOTION TO
                   vs.                                   PROCEED *IN FORMA PAUPERIS*
13                                                       AND DISMISSING CASE**

14  CITY OF EL CAJON, a Municipal
    Corporation,
15
                                     Defendant.
16

17
18          Haydar Karim filed this action against the City of El Cajon on May 12, 2010.  Now
19  pending is Mr. Karim's Motion to Proceed *In Forma Pauperis* ("IFP").

**I.      IFP Motion**
20
21          All parties instituting a civil action in a district court of the United States, except for
    habeas petitioners, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  A party is
22
    excused from paying the fee, however, if the Court grants leave to proceed IFP pursuant to
23
24  28 U.S.C. 1915(a).    Mr. Karim has submitted an IFP application that sufficiently
    demonstrates his inability to pay the $350 filing fee.  Although he is employed as a cab
25
    driver, he makes only $600 a month, has just $60 in the bank, collects public assistance, and
26
27  pays $800 a month to support his two sons.  His Motion to Proceed *In Forma Pauperis* is
    therefore **GRANTED**.
28
    //

## II.    Initial Screening

Pursuant to 28 U.S.C. § 1915(e), the Court must screen each civil action commenced pursuant to 28 U.S.C. § 1915(a) and dismiss the action if the Court finds it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 45 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

### A.    Legal Standard

A complaint must plead facts that "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[S]ome threshold of plausibility must be crossed at the outset" before a case can go forward.  *Id.* at 558 (internal quotations omitted).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

### B.    Discussion

Karim alleges that the City of El Cajon violated his due process rights, and right of access to the courts, by failing to have in place a fair procedure for challenging a parking ticket.  The facts in his form complaint are sparse, but the exhibits attached tell the story well enough.  Karim's car was ticketed on January 5, 2010 for being parked in a handicapped zone.  The penalty was $359.50.  On February 3, 2010, Karim asked for an administrative review.  The request was promptly denied.  Then, on March 1, 2010, Karim requested an administrative hearing and asked for a waiver of the $459.50 — the penalty amount plus a $100 hearing fee — required to obtain one.  This request was also denied because the City

of El Cajon doesn't waive fees.  Karim wishes to dispute the ticket on the merits, and believes it is a violation of his civil rights that he has to post the penalty plus another $100 as a bond to do so.

It is not.  Parking tickets are a fact of life, and the City of El Cajon has an adequate process in place for those who are unhappy about them.  *See Moore v. City of Santa Monica*, 185 Fed.Appx. 661 (9th Cir. 2006) (affirming rejection of argument that payment-first requirement to contest parking ticket violated due process).  It may be frustrating to have to pay a penalty in order to contest that penalty, but it does violate Karim's civil rights.

Mr. Karim's complaint therefore fails to state a claim upon which relief may be granted.  It is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

DATED:  October 29, 2010

**HONORABLE LARRY ALAN BURNS**
United States District Judge